IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW RONALD WITMAN, :
:
    Petitioner :
:
  v. : CIVIL NO. 3:CV-16-597
:
COMMONWEALTH OF PENNSYLVANIA, :
: (Judge Conaboy)
:
    Respondent :

**MEMORANDUM**
**Background**

    This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Andrew Ronald Witman, an inmate presently confined at the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale). The required filing fee has been paid.

    Named as Respondent is the Commonwealth of Pennsylvania.[1] Witman states that he plead guilty to a charge of involuntary deviate sexual intercourse exposure, statutory sexual assault, corruption of a minor, unlawful contact with a minor, intimidation of a witness, and aggravated indecent assault in the Lancaster County Court of Common Pleas. See Doc. 1, ¶¶ 1-

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, the SCI-Houtzdale Warden. See 28 U.S.C. § 2242.

1

5. Petitioner is presently serving an eight (8) to twenty (20) year term of imprisonment which was imposed on May 16, 2012. Witman's present petition challenges the legality of his sentence.

## Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. <u>Fletcher v. Rozum</u>, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Witman is attacking the legality of a sentence which was imposed by the Lancaster County Court of Common Pleas, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the

application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the sentencing court, as well as any records, witnesses and defense counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: APRIL 13th, 2016